### William Hill v. O. A. Oswald.

1. INDEMNITOR AND INDEMNITEE—*Indemnitor, When Entitled to Notice to Defend.*—When a party to a suit has a right to resort to another for indemnity upon his failure in the action, it is his duty to give full notice to his indemnitor of the pendency of the suit, and of what he requires him to do in the matter, and the consequences which may follow his neglect to defend. The mere knowledge of the existence of the suit is entirely insufficient to bind the indemnitor by the judgment.

2. REMITTITUR—*Suggestion of, in the Appellate Court.*—When it appears from the record that the judgment appealed from ought to be sustained to a certain extent, the Appellate Court may affirm it to that extent and suggest a remittitur as to the balance; and unless such remittitur is entered according to such suggestion, reverse and remand it.

Action on Appeal from a Justice of the Peace.—Appeal from the Circuit Court of Cook County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed on remittitur as suggested.* Opinion filed December 24, 1901.

EUGENE CLIFFORD and WM. W. FULLER, attorneys for appellant.

GEO. A. BRINKMAN and LEWIS S. DALTON, attorneys for appellee.

* Remittitur filed and cause affirmed January 2, 1902.

Hill v. Oswald.

Mr. Justice Shepard delivered the opinion of the court.

The appellee, Oswald, was employed by the appellant to get from one Morris an option contract to buy some land of Morris. The contract was obtained in the name of Oswald, and the next day assigned by Oswald to Hill, by an instrument indorsed on its back, wherein Hill, the assignee, assumed " all obligations laid upon me (Oswald) under the terms of said (within) contract."

One of the provisions contained in the contract was, as shown in the abstract of record, as follows:

" This instrument shall not be recorded, but is deposited by the said J. R. Morris and wife, by mutual agreement, with the said Otto A. Oswald, and in case the privilege * * * be not exercised * * * and written notice of such exercise given by J. R. Morris and wife to Otto A. Oswald by April 1, 1891—it shall wholly cease, etc., the abstract shall be surrendered, and the option paper returned to J. R. Morris and wife for cancellation. Instrument is binding on heirs * * * and assigns who may exercise the rights herein reserved and receive the surrender above mentioned."

Hill, to whom the contract was assigned by Oswald, declined to exercise the privilege of purchasing the property, but on July 6, 1891, a considerable time after the option expired, filed it for record in the Cook county recorder's office, in contravention of the agreement that it should not be recorded. Previous thereto, Hill had, by a later agreement with Morris, undertaken to obtain an abstract of title to the premises, which by the terms of the contract Morris was bound to furnish, and paid $65 for obtaining it. It became a matter of controversy between Morris and Hill as to whether Morris should pay Hill for the amount expended for the abstract, and Morris employed a lawyer to file a bill in equity to remove the cloud created on the premises by the recording of the contract. But before that case went to a decree the matter was settled by Morris paying Hill $50 for the abstract of title and by Hill executing a quit-claim deed of the premises back to Morris. Morris then brought suit before a justice of the

peace against Oswald for his damages growing out of the recording of the contract, and recovered a judgment for $70 and costs, upon which an execution was issued and returned satisfied in full. And this suit of Oswald is brought against Hill, presumably to reimburse him for the amount of that judgment, and he has recovered the same amount paid by him to satisfy that judgment recovered by Morris.

The judgment recovered by Morris against Oswald did not bind Hill, for Hill was not given notice by Oswald to appear and defend that suit.

"If a party to a suit has the right to resort to another upon his failure in the action, * * * then it is clearly his duty to give full notice to his * * * indemnitor of the pendency of the suit, what it is he requires him to do in the suit, and the consequences which may follow if he neglects to defend; mere knowledge of the existence of such action is entirely insufficient to bind the party by the judgment." Freeman on Judgments, Section 181.

While it is true it may be inferred from a letter appearing in the record that Hill had some knowledge of the suit against Oswald, still there was no such notice given as the law requires in order to make the judgment binding on Hill.

That judgment not binding Hill, it was necessary for Oswald to prove in this suit against Hill, what the damages were that he had sustained on account of the filing of the contract for record.

Except as to the item of $50 for attorney's fees which Morris testified he paid to his attorneys in the chancery suit to remove the cloud created by recording the contract, and which amount seems to be reasonable, there is no such certain evidence as a verdict can be predicated upon. As to that item he testified positively that he paid it and it is not contradicted.

This judgment ought to be sustained to that extent, but no more. We do not approve the instruction that was given for the plaintiff, but think the error in it is not of a character that requires a reversal of the whole judgment. If,

therefore, Oswald shall, within ten days from the date of filing this opinion, come in and remit from the judgment all above $50, it will be affirmed for the balance; otherwise the judgment will be reversed and the cause remanded; but in either event at appellee's costs.

Affirmed if remittitur be entered, otherwise reversed and remanded.